**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| FAMILY LEADERSHIP FOUNDATION, an Arizona nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; NATIONWIDE RETIREMENT SOLUTIONS, INC.,<br><br>Defendants. | Case No. 06 CV-678-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Defendant Nationwide Retirement Solutions, Inc.'s ("Nationwide") Motion to Dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). (Dkt. 5.) Plaintiff Family Leadership Foundation ("Plaintiff") has filed a response to Nationwide's Motion to Dismiss. (Dkt. 18.) In turn, Nationwide has filed a reply. After considering the parties' briefs, the Court issues this Order.

## BACKGROUND[1]

Plaintiff is a tax-exempt entity under 26 U.S.C. § 501(c)(3) and, as such, was not subject to taxation on its income or required to file a federal income tax return for the tax year ending December 31, 1999. (Dkt. 1 at ¶¶ 6-7.) On or about May 7, 1999, Plaintiff received a $145,216.97 charitable donation from decedent Emmett Turner, in the form of a death benefit payable from the decedent's participation in an Arizona State Deferred Compensation Program. (Id. at ¶¶ 8-9.) Nationwide, the payor, "improperly withheld [$39,986.62] federal income tax from the payment" provided to Plaintiff. (Id. at ¶ 9.)

On November 17, 2003, Plaintiff filed a federal income tax return on Form 990-T with the Internal Revenue Service (the "IRS"), claiming a refund of the $39,986.62 in taxes Nationwide provided to the IRS in 1999. (Id. at ¶ 13.) On or about March 8, 2004, the IRS disallowed Plaintiff's claim for "refund of the improperly withheld federal income tax in the amount of $39,986.62." (Id. at ¶ 15.) As a result, Plaintiff filed this action against Nationwide and the United States "for the recovery of federal income tax and interest erroneously or illegally assessed and collected." (Id. at ¶ 4.)

## STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326 (1989). A complaint may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). If as a matter of law it is clear that no relief could be granted

---

[1] When considering a Motion to Dismiss, this Court must "accept as true all material allegations in the complaint and construe them in the light most favorable to the plaintiff." Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 670 (9th Cir. 1993). Accordingly, the following facts are taken entirely from the allegations of Plaintiff's Complaint. (Dkt. 1.)

under any set of facts that could be proved consistent with the allegations, under Rule 12(b)(6) a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. See Neitzke, 490 U.S. at 327.  On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party. Usher, 828 F.2d at 561.  A court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).

## DISCUSSION

Nationwide moves to dismiss this case with prejudice because it is an action for the recovery of federal income tax under 26 U.S.C. § 7422(a) and "[a] tax refund claimant simply has no cause of action against the party that withheld the tax amount and paid it into the Treasury." (Dkt. 5 at 3.)  The Court agrees.

"Tax refund suits," are defined by the Internal Revenue Code (the "IRC" or the "Code") as attempts to recover a sum of money collected as a tax. See Brennan v. Southwest Airlines Co., 134 F.3d 1405, 1408-09 (9th Cir.), amendment without substance, 140 F.3d 849 (1998); 26 U.S.C. § 7422(a).  Section 7422 of the IRC provides, in pertinent part:

> (a) No suit prior to filing claim for refund.-No suit or proceeding shall be maintained in any court *for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected*, . . .
>
> . . .
>
> (f) Limitation on right of action for refund.-  (1) General rule.-*A suit or proceeding referred to in subsection (a) may be maintained only against the United States and not against any officer or employee of the United States* (or former officer or

employee) or his personal representative . . .

26 U.S.C. § 7422 (a), (f) (emphasis added). Under Ninth Circuit law, Section 7422 "means that if someone wrongfully collects money as a tax, then a suit to recover the sum constitutes a tax refund suit, even if the sum did not literally constitute an 'internal revenue tax.'" Brennan, 134 F.3d at 1410. In other words, the IRC is the exclusive vehicle for tax refund suits and thus preempts state law claims seeking tax refunds. Brennan, 134 F.3d at 1409; see also Kent v. Northern Calif. Reg'l Officer of the American Friends Serv. Comm'ee, 497 F.2d 1325, 1328 (9th Cir. 1974) (noting that "the procedures for obtaining judicial review of tax liability were designed to be the exclusive methods for litigating federal tax liability"); Kaucky v. Southwest Airlines Co., 109 F.3d 349. 351-52 (7th Cir. 1997) (where Congress makes a private entity like an airline a collection agent for the IRS, the airline is treated as an employee of the IRS for § 7422 purposes). Courts have affirmed the dismissal of private parties as defendants in federal tax refund cases based on the reasoning that the Government could not have intended private parties to defend suits over taxes which the Government expected them to collect. See Brennan, 134 F.3d at 1411. In the present case, Plaintiff seeks to recover $39,986.62 due to Nationwide's allegedly improper collection of federal income taxes. See Dkt. 1 at ¶¶3,4,9,15. Thus, Nationwide is not a proper defendant in this tax refund suit.

Courts have also rejected Plaintiff's contention that Nationwide is a proper defendant because the Complaint "properly alleges breach of contract claim against Nationwide" arising out of its improper collection of taxes from Plaintiff. (Dkt. 18 at 1.) In Brennan, for example, the plaintiffs brought a state court action against three airlines for unlawful business practices and breach of contract. Brennan, 134 F.3d at 1408. The defendants removed the case to federal court, arguing that the plaintiffs' claims constituted a tax refund suit. Id. The plaintiffs argued that because the "tax" charged by the airlines was not authorized by Congress, they were not seeking a tax refund. Id. The Ninth Circuit Court of Appeals rejected this argument on the ground that the governing statute defined a tax refund suit as a suit to recover "any sum

1  alleged to have been excessive or in any manner wrongfully collected." 26 U.S.C. 7422(a),
2  quoted in <u>Brennan</u>, 134 F.3d at 1409. Because the airlines wrongfully collected money as a
3  tax, the plaintiffs' suit was a tax refund suit, and federal law provided the exclusive remedy
4  (<u>i.e.</u>, a suit against the United States), thereby preempting the state law claims.

5  Similarly, in the present case, Plaintiff contends it has "properly allege[d] a breach of
6  contract claim," and could amended the Complaint to allege breach of fiduciary duty and
7  conversion claims against Nationwide (dkt. 18 at 1), but the facts in this case are not
8  distinguishable from those in <u>Brennan</u>. Rather, as in <u>Brennan</u>, Plaintiff seeks to recover a sum
9  on money that Nationwide "improperly withheld [as] federal income tax" provided to the IRS.
10 <u>See</u> Dkt. 1 at ¶¶ 13, 15-16. <u>See</u> <u>Brennan</u>, 134 F.3d at 1409; <u>cf</u>. <u>In re Air Transp. Excise Tax</u>
11 <u>Litig.</u>, 37 F.Supp.2d 1133, 1137 (D. Minn. 1999) (upholding a suit against Federal Express
12 because "it would be futile for the Plaintiffs here to seek a refund from the IRS, because the
13 IRS never received any money from FedEx that it could refund to them"). Thus, the Court
14 will grant Nationwide's request for dismissal and deny Plaintiff's request for leave to amend.
15 <u>See</u> <u>Neitzke</u>, 490 U.S. at 327 (if as a matter of law it is clear that no relief could be granted
16 under any set of facts that could be proved consistent with the allegations, under Rule 12(b)(6)
17 a claim must be dismissed, without regard to whether it is based on an outlandish legal theory
18 or on a close but ultimately unavailing one).

19 Accordingly,

20 **IT IS HEREBY ORDERED GRANTING** Nationwide Retirement Solution's
21 Motion to Dismiss with prejudice. (Dkt. 5.)

22 DATED this 11th day of October, 2006.

23
24
25                    Stephen M. McNamee
                      United States District Judge
26